UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | No. |
| ) | |
| SPRINGFIELD ARMORY, INC., .45 CALIBER ) | |
| PISTOL, SERIAL NO. GM475730;  and  ) | |
| ) | |
| ONE HUNDRED AND THIRTY-ONE ROUNDS ) | |
| OF .45 CALIBER AMMUNITION; ) | |
| ) | |
| Defendants. ) | |

## VERIFIED COMPLAINT OF FORFEITURE *IN REM*

COMES NOW, Plaintiff the United States of America, by and through its attorneys, Jeffrey B. Jensen, United States Attorney for the Eastern District of Missouri, and Lindsay L. McClure-Hartman, Assistant United States Attorney, for said district, and brings this verified complaint for forfeiture in a civil action *in rem* against the defendant property, namely: one Springfield Armory, Inc., .45 Caliber Pistol, Serial No. GM475730 (hereinafter "Springfield pistol") and one hundred and thirty-one rounds of .45 caliber ammunition (hereinafter "ammunition") (collectively, the "defendant property"), and alleges as follows:

### Nature of the Action and the Defendant *In Rem*

1. This *in rem* civil action arises from an investigation by the Bureau of Alcohol, Tobacco, Firearms and Explosives (the "ATF") of Brian Cartwright ("Cartwright") related to the unlawful possession of the defendant property in violation of Title 18, United States Code, Section 922. The defendant property is subject to forfeiture pursuant to Title 18, United States Code, Section 924 as being involved in or used in knowing violations of Title 18, United States Code,

Section 922.

## Jurisdiction and Venue

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1345 and 1355, and 28 U.S.C. § 1395(c).

3. Venue is proper pursuant to 28 U.S.C. § 1355(b)(1)(A) because the acts and omissions giving rise to forfeiture took place in the Eastern District of Missouri. The defendant property was purchased and stored in the Eastern District of Missouri.

4. Venue is also proper pursuant to 28 U.S.C. § 1395(b) because the defendant property was seized in the Eastern District of Missouri.

## Statutory Framework

5. Title 18, United States Code, Section 922(g)(3) makes it unlawful for a person who is an unlawful user of or addicted to any controlled substance to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

6. Title 18, United States Code, Section 922(d) makes it unlawful for any person to sell or otherwise dispose of any firearm or any ammunition to any person knowing or having reasonable cause to believe that such person is, *inter alia*, an unlawful user of or addicted to any controlled substance.

7. Pursuant to Title 18, United States Code, Section 924(d), any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Sections 922(a)(6) or (g), or willful violation of Title 18, United States Code, Section 922(d), shall be subject to seizure and forfeiture.

**Facts Giving Rise to Forfeiture**

8. On February 13, 2018, Cartwright was being investigated by the Bureau of Alcohol, Tobacco, Firearms and Explosives (hereinafter "ATF") for several attempted firearm purchases.

9. Cartwright lives with his wife, Rachel Carter (hereinafter "Carter"), at a residence in St. Louis, Missouri (the "Residence").

10. When ATF agents interviewed Cartwright at the Residence on February 13, 2018, Cartwright acknowledged attempting, unsuccessfully, to make several firearms purchases for himself.

11. Cartwright also acknowledged that he and Carter went to Cabela's, a firearms retailer, on January 3, 2018 and purchased two pistols. Cartwright further disclosed one of the two firearms was purchased for him and was lying on his bed upstairs.

12. When asked if there were narcotics in the house, Cartwright stated that there was marijuana in the house which he uses.

13. Cartwright agreed to show officers the firearm on his bed upstairs.

14. The firearm on Cartwright's bed was a Springfield .45 caliber pistol, Serial Number GM475730, manufactured by Springfield Armory, Incorporated, and was shipped or transported in interstate or foreign commerce.

15. On the bedside table, there was a clear jar containing a green leafy substance that Cartwright identified as marijuana.

16. At the foot of the bed, Cartwright kept two safes. One safe contained drug paraphernalia including a scale, baggies, Adderall pills, a bag containing a green substance, and a foil wrapper containing a plant-like substance which Cartwright identified as "shrooms". When

asked whether he had a prescription for any of the drugs or medications in the safe, Cartwright said that he did not and that he purchased the drugs on the street.

17. The second safe contained boxes of ammunition, a receipt from Cabela's for the purchase of the Springfield .45 caliber pistol, Serial Number GM475730, U.S. currency, and gift cards.

18. Carter told agents that she was in possession of a firearm identified as a .380 caliber pistol, matching the second firearm purchased at Cabela's on January 3, 2018. Carter also acknowledged purchasing the .45 caliber pistol, Serial Number GM475730, for Cartwright.

19. When asked about the ATF Form 4473 that Carter completed before purchasing the firearms, Carter acknowledged that the form indicated federal law prohibited her from purchasing a firearm for another person.

## COUNT ONE – FORFEITURE
### (18 U.S.C. § 924(d))

20. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

21. Cartwright is an unlawful user of or addicted to controlled substances who knowingly possessed the defendant property, consisting of one firearm and ammunition, in violation of Title 18, United States Code, Section 922(g)(3).

22. As such, the defendant property is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d), as any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(g).

## COUNT TWO – FORFEITURE
### (18 U.S.C. § 924(d))

23. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

24. Carter provided the defendant property to Cartwright knowing and having reasonable cause to believe that Cartwright is an unlawful user of or addicted to a controlled substance in violation of Title 18, United States Code, Sections 922(d)(3).

25. As such, the defendant property is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d), as any firearm or ammunition involved in or used in any willful violation of Title 18, United States Code, Section 922(d).

## COUNT THREE – FORFEITURE
### (18 U.S.C. § 924(d))

26. The United States incorporates by reference the allegations set forth in Paragraphs 1 to 19 above as if fully set forth herein.

27. Carter knowingly made false and fictitious oral and written statements to a licensed dealer of firearms that were intended and likely to deceive when she represented that she was purchasing the Springfield pistol for herself, such representation being a material fact to the lawfulness of the sale of the firearms because the firearm was actually being purchased on behalf of Cartwright, who is an unlawful user of or addicted to a controlled substance who cannot legally purchase or possess such firearms, all in violation of Title 18, United States Code, Section 922(a)(6).

28. As such, the defendant property is subject to forfeiture, pursuant to Title 18, United States Code, Section 924(d), as any firearm or ammunition involved in or used in any knowing violation of Title 18, United States Code, Section 922(a)(6).

## **Prayer for Relief**

WHEREFORE, Plaintiff prays that notice issue on the defendant property as described above; that due notice be given to all parties to appear and show cause why the forfeiture should not be decreed; that a warrant of arrest in rem be issued according to law; that judgment be entered declaring that the defendant property be forfeited to the United States of America for disposition according to law; and that the United States of America be granted such other relief as this Court may deem just and proper, together with the costs and disbursements of this action.

Respectfully submitted,

JEFFREY B. JENSEN
United States Attorney

*/s/ Lindsay L. McClure-Hartman*
LINDSAY L. MCCLURE-HARTMAN, #66070MO
Assistant United States Attorney
111 South Tenth Street, 20th Floor
St. Louis, Missouri 63102

## VERIFICATION

I, Special Agent Kevin P. Schuster, hereby verify and declare under penalty of perjury that I am a Special Agent with the Bureau of Alcohol, Tobacco, Firearms and Explosives, that I have read the foregoing Verified Complaint in rem and know the contents thereof, and that the matters contained in the Verified Complaint are true to my own knowledge, except that those matters herein stated to be alleged on information and belief and as to those matters I believe them to be true.

The sources of my knowledge and information and the grounds of my belief are the official files and records of the United States, information supplied to me by other law enforcement officers, as well as my investigation of this case, together with others, as a Special Agent of the Bureau of Alcohol, Tobacco, Firearms and Explosives.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on: _8/13/18_
                        (date)

_____
Kevin P. Schuster
Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives